No. 3815.—Desiree Hickman, Executrix, *v.* Amos B. Thompson.

A surviving widow has the right to mortgage her half of the estate of her husband after the community is dissolved by his death, and the mortgagee has the right to enforce such mortgage, although the estate has not been finally settled, and the rights of the community have not been fully ascertained. In such a case the wife who is the executor of the estate can not, in her individual capacity, maintain an injunction to stay the sale of her interest in the community thus mortgaged, on the allegation, without proof, that the estate is largely indebted for which the community is bound.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. M. Ryan* and *J. G. White*, for plaintiff and appellee. *J. E. Bowman*, for defendant and appellant.

Wyly, J. The plaintiff as executrix of the will of her late husband, Peter T. Hickman, injoins the foreclosure of the mortgage which she in her individual capacity granted to the transferrer of the defendant on her undivided half of the community property described in the petition, alleging that said property belongs to the succession of her said husband which has never been closed; that large claims have been preferred against it, and that the mortgage which she granted is void because of vagueness in the decription of the property. The answer admits that the defendant sued out the order of seizure and sale to collect the mortgage notes for $9000 executed in 1867 by the plaintiff, in her individual capacity, on her half of the community property, and avers that the pretended administration of said property, as belonging to the succession of Peter T. Hickman, is a mere pretext to shield the property of the plaintiff from her creditors; that the plaintiff herself has long since disregarded it, she and the heirs having used it as their own. Changing the executory proceeding to an ordinary action, the defendant prays judgment for $9000 on the notes and that the mortgage given to secure them be recognized and enforced on the property therein described. The court perpetuated the injunction and rejected the demand of the defendant and he has appealed.

We think the court erred. Mrs. Hickman, after the dissolution of the community, had the undoubted right to alleviate or mortgage her half of the property. She chose to mortgage it to secure the notes held by the defendant. She failed to pay the notes and the defendant seeks to foreclose the mortgage. Why can he not do so? Why can not a mortgage creditor make the forced sale of such property as his debtor might convey by a conventional sale? We see no reason why the interest of the plaintiff in the property mortgaged may not be sold by her creditor.

The executrix has been in office over five years and no claims seem to have been established against the succession of her husband. It is further shown that she has received $50,000 for cotton remaining after the death of her husband. No tableau or account has ever been filed.

From the evidence we are satisfied that the defense that large claims are preferred against the succession, is a mere pretext to shield her half of the community property from the just pursuit of her creditors.

The description of the property is sufficient. Let the judgment appealed from be annulled, and let there be judgment for the defendant for nine thousand dollars with eight per cent. per annum interest thereon from the seventeenth December, 1867, and all costs, and let the mortgage be recognized and enforced on the property described in the act of mortgage, and let the same be sold according to law to pay the amount of this judgment.